(891 P.2d 1137)

No. 71,320

VICKY CLINE, DIANE DEXTER, and DAVE COMPTON, *Appellees,*
v. LARRY D. TITTEL, Ness County Attorney, *Appellant.*

Opinion filed March 24, 1995.

*Larry D. Tittel,* county attorney, for appellant.

*Paul R. Shepherd,* of Shepherd & Giefer, of WaKeeney, for appellees.

Before PIERRON, P.J., GERNON and LEWIS, JJ.

GERNON, J.: Larry D. Tittel, Ness County Attorney, appeals from a district court decision reversing his finding that the recall petitions submitted by Vicky Cline, Diane Dexter, and Dave Compton (Committee) regarding certain members of the Board of Education of U.S.D. No. 303 (Board) failed to state sufficient grounds for recall.

The Committee submitted recall petitions for three members of the Board to Tittel for his review pursuant to K.S.A. 25-4318. The petitions were identical, except for the name of the person sought to be recalled, and provided as follows:

"The undersigned hereby seek the recall of Mark Kerr from the Board of Education of Unified School District 303, Ness County, Kansas, on the grounds that:

"In April 1993 the Board of Education voted to implement a wrestling program for Ness City High School and Ness City Junior High. Subsequently and with participation by Mark Kerr, contracts for wrestling coaches were approved in the sum of approximately $4,918; 12 wrestling meets for Ness City High School and 6 wrestling meets for the Junior High were scheduled with other schools; and wrestling supplies were purchased for the sum of approximately $9,190. Outlay for the wrestling program for the 93-94 school year will equal approximately $14,108.

"At a special meeting of the Board of Education on September 13, 1993, Board Member Mark Kerr voted to discontinue the wrestling program notwithstanding the commitments to coaches and other schools and the costs already incurred with his approval. The agenda for the September 13 meeting did not inform the public that discontinuance of the wrestling program would be considered by the Board.

"Mark Kerr has ignored the plainly expressed desire of his constituents concerning the wrestling program. That, combined with his wasteful, arbitrary and secretive conduct as a member of the Board, demonstrates his incompetence to continue to serve."

All three of those to be recalled had recently been elected to the Board and took office on July 1, 1993. The Board's decision to create the new wrestling program had been made in April 1993, prior to the election.

On November 17, 1993, Tittel issued a letter to the members of the Committee regarding the recall petitions. Tittel found that based upon his examination of the petitions and his review of the law, the petitions were not sufficient for recalling the local officers. Noting that no misconduct was alleged, Tittel stated that an elected officer's vote on a controversial issue was not sufficient grounds for recall.

Pursuant to K.S.A. 25-4331, the Committee then petitioned the district court for review of Tittel's decision. Specifically, the Committee argued that Tittel was not cloaked with the authority to

rule on the sufficiency of the grounds for recall and could only determine whether the form of the petition complied with the applicable statutes and whether the grounds for recall were alleged with sufficient particularity to allow for a response by the elected officers.

The district court held that whether recall is justified, as based upon the grounds set forth in a recall petition, is a matter to be decided by the voters and not the county attorney or the courts. The court found particularly persuasive the concluding sentence of K.S.A. 25-4302, which states: *"No recall submitted to the voters shall be held void because of the insufficiency of the grounds, application, or petition by which the submission was procured."* (Emphasis added.)

The court concluded that "the grounds for recall as stated in the Recall Petitions filed by Plaintiffs are sufficient under K.S.A. 25-4302 in that each petition contains grounds of incompetence stated with particularity in not more than two hundred (200) words. The grounds alleged are sufficiently specific to allow the elected officials to respond." Tittel appeals.

The Kansas Recall of Elected Officials Act, K.S.A. 25-4301 *et seq.*, governs the procedure required for voters to exercise their right to recall public officials. This right is guaranteed by Article 4, Section 3 of the Kansas Constitution, which provides: "All elected public officials in the state, except judicial officers, shall be subject to recall by voters of the state or political subdivision from which elected. Procedures and grounds for recall shall be prescribed by law."

K.S.A. 25-4320 lists several requirements recall petitions must satisfy:

"(a) Each petition for recall of a local officer shall include: (1) The name and office of the local officer sought to be recalled; (2) the grounds for recall described in particular in not more than 200 words; (3) a statement that the petitioners are registered electors of the election district of the local officer sought to be recalled; (4) the names and addresses of three registered electors of the election district of the officer sought to be recalled who shall comprise the recall committee; (5) the statement of warning required in K.S.A. 25-4321, and amendments thereto; and (6) a statement that a list of all sponsors authorized to circulate recall petitions for such recall may be examined in the office of the county

election officer where the petition is required to be filed. Each sponsor shall be a registered elector of the election district of the local officer sought to be recalled and of the county in which such sponsor circulates the petition."

None of these requirements is at issue in the present case.

This case involves an interpretation of the language of K.S.A. 25-4302. Prior to 1987, this statute provided: "Grounds for recall are conviction of a felony, misconduct in office, incompetence or failure to perform duties prescribed by law. No recall submitted to the voters shall be held void because of the insufficiency of the grounds, application, or petition by which the submission was procured." K.S.A. 25-4302 (Ensley 1986).

K.S.A. 25-4302 (Ensley 1986) was amended in 1987 as follows:

"Grounds for recall are conviction of a felony, misconduct in office, incompetence or failure to perform duties prescribed by law. The county or district attorney of the county where petitions are required to be filed shall determine the sufficiency of the grounds stated in the petition for recall of a local officer. In the case of a recall of the county or district attorney, a judge of the district court of such county shall designate an attorney to determine the sufficiency of the grounds stated in the petition for recall. Such attorney shall perform the duties imposed on the county or district attorney in the recall of other local officers. No recall submitted to the voters shall be held void because of the insufficiency of the grounds, application, or petition by which the submission was procured." L. 1987, ch. 130, § 1; see K.S.A. 1987 Supp. 25-4302.

Prior to the adoption of this amendment, the Kansas Recall of Elected Officials Act did not expressly provide for a review of the "sufficiency of the grounds" stated in the recall petition.

Here, we are required to interpret the following sentence from K.S.A. 25-4302: "The county or district attorney of the county where petitions are required to be filed *shall determine the sufficiency of the grounds* stated in the petition for recall of a local officer." (Emphasis added.)

Both parties offer differing interpretations as to the scope of this duty and the corresponding role of the county or district attorney in a recall action.

Interpretation of a statute is a question of law. *Todd v. Kelly,* 251 Kan. 512, 515, 837 P.2d 381 (1992). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson,* 239 Kan. 663, 668, 722 P.2d 1093 (1986).

" 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993) (quoting *West v. Collins*, 251 Kan. 657, Syl. ¶ 3, 840 P.2d 435 [1992]).

" 'When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.' " *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992) (quoting *Randall v. Seemann*, 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 [1980]).

The Committee contends that the county attorney has only a limited duty to determine whether recall petitions comply with the form provided in the statute. The Committee argues that this duty extends only to a determination of whether one of the grounds required by K.S.A. 25-4302 is alleged and whether the facts in support thereof are described with particularity. In other words, as long as there is an allegation of one of the grounds listed in K.S.A. 25-4302 and that allegation is described "in particular in not more than 200 words," K.S.A. 25-4320, it is for the electors to decide whether the officers should be recalled as a result of the conduct alleged.

The Committee contends that the county attorney does not have the authority to exercise a right guaranteed to the voters by the Constitution, that this a political question and not a legal question, and, finally, that the merit and quality of the conduct alleged to demonstrate grounds for recall is an issue to be resolved by the voters.

Tittel argues that for the 1987 amendment to 25-4302 to have any meaning, the legislature must have intended county and district attorneys to assume more than a ministerial role in reviewing recall petitions. Tittel points out that prior to the 1987 amendment, the Act did not provide for any determination to be made regarding the sufficiency of the *grounds* alleged for recall.

Prior to the 1987 amendment, the county election officer was responsible for performing all of the work involved in verifying recall petitions.

"The county election officer of the county where petitions are required to be filed, with the assistance and cooperation of each other county election officer involved, shall determine the sufficiency of each petition for recall of a local officer. Within thirty (30) days of the date of filing, such county election officer shall review the petition and shall notify the recall committee and the local officer sought to be recalled whether the petition was properly or improperly filed. Such county election officer shall notify the recall committee that the petition was improperly filed if he or she determines that (a) there is an insufficient number of subscribing qualified registered electors, (b) the petition was filed within less than one hundred and eighty (180) days of the termination of the term of office of the local officer sought to be recalled, (c) the local officer sought to be recalled has been or is being subjected to another recall election during his or her current term of office, (d) petitions for the recall of other local officers serving on the same governing body have been properly filed and elections thereon have not been held and the number of such local officers equals a majority of the members of the governing body minus one or (e) *the petition does not conform to any other requirement of this act.*" (Emphasis added.) K.S.A. 25-4326.

The Committee argues that the 1987 amendment merely placed the duty of verifying whether the grounds alleged in a particular petition are grounds set forth in K.S.A. 25-4302 and whether the grounds are stated with sufficient particularity in not more than 200 words with the county attorney instead of the county election officer.

" 'It is presumed the legislature understood the meaning of the words it used and intended to use them; that the legislature used the words in their ordinary and common meaning; and that the legislature intended a different meaning when it used different language in the same connection in different parts of a statute.' " *Bank of Kansas v. Davison,* 253 Kan. 780, 788, 861 P.2d 806 (1993) (quoting *Boatright v. Kansas Racing Comm'n,* 251 Kan. 240, Syl. ¶ 8, 834 P.2d 368 [1992]).

" 'In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested.' " *State v. Gonzales,* 255 Kan. 243, 249, 874 P.2d 612 (1994) (quoting *Brown v. Keill,* 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 [1978]).

The legislative history of the 1987 amendment to 25-4302 indicates that the amendment was requested by the Secretary of

State's office in light of a decision made by a Butler County district judge who found that it was the county clerk's responsibility to determine the sufficiency of the grounds asserted in the recall petition, presumably under K.S.A. 25-4326(e). The Secretary of State suggested an amendment providing that the district or county attorney make a determination regarding the sufficiency of the grounds for recall. Minutes of the Senate Elections Committee Meeting of March 18, 1987. The amendment was proposed in the hope that it would alleviate the number of lawsuits filed pursuant to K.S.A. 25-4331 by persons aggrieved by a determination made by the county election officer regarding the sufficiency of recall petitions. Att'y Gen. Op. No. 91-59.

The Kansas Attorney General's office issued an opinion in 1991 which stated as follows:

"While the county or district attorney is obligated to determine the sufficiency of the grounds asserted in a petition seeking the recall of a local officer, the county or district attorney does not determine whether the grounds asserted should subject the local officer to recall. The electors are as qualified to determine the capability and efficiency of their elected officials, after giving those officials an opportunity to perform the duties of their offices, as they were when they first selected the officials to fill the positions. [Citation omitted.] The truth or falsity of the grounds must be determined by the electors. [Citation omitted.] *Rather, the county or district attorney determines only whether the petition includes 'the grounds for recall described in particular in not more than 200 words.'* K.S.A. 1990 Supp. 25-4320(a)(2)." (Emphasis added.) Att'y Gen. Op. No. 91-59, p. 5.

The attorney general interprets the amendment in the same manner as the Committee in the present case; a limited duty that merely checks form and word count. We agree.

This initial review by the district or county attorney, in addition to the review conducted by the county election officer, saves the public and local officers the time and expense of circulating and responding to a petition which is fatally defective. By performing this review, the county attorney is not determining whether the grounds asserted should subject a particular local officer to recall, but whether the facts stated in the petition allege one or more of the four statutory grounds for recall listed in K.S.A. 25-4302 with sufficient particularity in not more than 200 words. This ap-

pears to be the only reasonable interpretation of the language of the 1987 amendment.

One troubling question remains to be considered. The last sentence of K.S.A. 25-4302 states: "No recall submitted to the voters shall be held void because of the insufficiency of the grounds, application, or petition by which the submission was procured." This statement conflicts with the earlier provision requiring the district or county attorney to determine the sufficiency of the grounds alleged in the petition.

Rather than treating this sentence in K.S.A. 25-4302 as mere surplusage, it can be understood to mean that, should the grounds later be determined to be insufficient after a recall election has already been held, the election cannot be voided. In the absence of any indication to the contrary, there is a presumption that the legislature does not intend to enact useless or meaningless legislation. The legislature is also presumed to intend that a statute be given a reasonable construction so as to avoid unreasonable or absurd results. See *Todd v. Kelly*, 251 Kan. at 515, 520. " 'The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so.' " *Guardian Title Co. v. Bell*, 248 Kan. 146, 151, 805 P.2d 33 (1991) (quoting *Easom v. Farmers Insurance Company*, 221 Kan. 415, Syl. ¶ 3, 560 P.2d 117 [1977]).

As a final matter, Tittel asks this court for guidance on what to do when, in his opinion, blatantly false statements are contained in the recall petitions. With regard to the present case, he argues that the minutes of the school board meetings demonstrate that several of the allegations contained in the recall petitions are false. Tittel suggests that he should have no duty to review petitions containing blatantly false allegations.

First, the minutes to which Tittel refers are attached only as an appendix to the appellant's brief and, thus, cannot be considered by this court. Kansas Supreme Court Rule 6.02(f) (1994 Kan. Ct. R. Annot. 28) clearly states that material annexed to an appellate brief by way of an appendix is not a substitute for the

record itself. See *In re Appeal of News Publishing Co.*, 12 Kan. App. 2d 328, 333, 743 P.2d 559 (1987).

Moreover, the court's opinion in *Unger v. Horn*, 240 Kan. 740, 742, 732 P.2d 1275 (1987), makes it clear that the truth or falsity of the allegations asserted in a recall petition is a matter properly left to the determination of the electorate.

In the present case, the recall petitions alleged incompetence, one of the four grounds for recall listed in K.S.A. 25-4302, and the allegations were described with sufficient particularity in not more than 200 words so as to allow the officers to respond. The district court's decision reversing Tittel's findings is affirmed.

Affirmed.