(913 P.2d 1218)

No. 72,780 ■

JEFFREY D. BAKER, *Appellee*, v. REX W. GIBSON, *et al., Appellants*.

Opinion filed November 3, 1995.

*Randall C. Henry*, of Mitchell & Henry, of Sterling, for appellants.

*Jeff Lee McVey* and *Brock R. McPherson*, of McPherson Law Offices, Chtd., of Great Bend, for appellee.

Before BRAZIL, C.J., ELLIOTT, J., and JOHN ANDERSON III, District Judge, assigned.

BRAZIL, C.J.: Jeffrey D. Baker, the Rice County sheriff, sought district court review of the county attorney's determination that a recall petition to remove him from office was legally sufficient. The district court agreed with Baker and found the petition legally insufficient. The recall committee (the Committee) appeals. We affirm.

The grounds for recall as stated in the recall petition are as follows:

"September 6, 1993 he was at a party in Lyons and became very intoxicated. He began threatening to go to another officers [sic] residence and cause him bodily harm creating a disturbance. The police were called to restrain him. Officers' [sic] Atteberry and Detmer responded. Detmer drove the Sheriff home because he was too drunk to drive and then took custody of his truck and hid it in a garage controlled by the police department in hope of preventing further illegal acts by the Sheriff. (MISCONDUCT)

"October 31, 1993 he was involved in another disturbance. His wife fled their residence after being the victim of a battery and having terroristic threats made against her according to police reports. She related these crimes to Sgt. Detmer and he responded to the residence with officers from the Highway Patrol and Sheriff's Department for back-up support. (MISCONDUCT)

"In November of 1993 over half of the county Drug Task Force signed a letter asking the Sheriff to resign due to his inability to function as a leader. He refused, so they resigned. After the displays of violence and drunkedness [sic] they were uncomfortable with his decision making abilities. (INCOMPETENCE JUDGED BY HIS PEERS)"

The district court found the recall petition failed to meet the requirements of K.S.A. 25-4302. Specifically, the court found the first two allegations in the recall petition lacked the required nexus between the alleged misconduct and Baker's official duties. The court found the third allegation was not specific as to particular official duties.

The Committee first contends the district court erred under the grant of review stated in K.S.A. 25-4331 by reviewing the sufficiency of the recall petition before the actual signatures were secured.

The right to recall public officials is guaranteed by Article 4, Section 3 of the Kansas Constitution, which states: "All elected public officials in the state, except judicial officers, shall be subject

to recall by voters of the state or political subdivision from which elected. Procedures and grounds for recall shall be prescribed by law." The procedures and grounds necessary to exercise this right are contained in the Kansas Recall of Elected Officials Act, K.S.A. 25-4301 *et seq.* (Act or Recall Act). Resolving this first issue requires interpretation of the act.

"Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995); see *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). " 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

The recall of a local official, other than an elected county election officer, is proposed by filing a petition with the appropriate county election officer. K.S.A. 25-4318. In addition to the requirements of K.S.A. 25-4320, the petition must contain the names and addresses of the recall committee and sponsors and must be properly subscribed by the members of the committee prior to circulation for signatures. K.S.A. 25-4322. Within 90 days of this filing of the petition, the recall committee must secure the necessary signatures, K.S.A. 25-4324, and file the petition again with the county election officer. K.S.A. 25-4325. Within 30 days of the date of this second filing, the county election officer shall review the petition and shall notify the recall committee and the local officer sought to be recalled whether the petition was properly or improperly filed. K.S.A. 25-4326. Notice on all recall matters must be effectuated pursuant to the provisions of K.S.A. 25-4322.

In addition to the above steps involving the county election officer, the county or district attorney of the county where the petition is required to be filed shall determine the sufficiency of

the grounds stated in the recall petition. K.S.A. 25-4302. (Hereafter, reference will be made only to the county attorney.) It is not clear from the statute when and how the county attorney's determination regarding the sufficiency of the petition takes place, nor when an aggrieved party may seek judicial review of the county attorney's determination.

Arguably, the county attorney's determination must take place after the petition is initially filed with the county election officer. By stating that "[t]he recall of a local officer is proposed by filing a petition with the county election officer," K.S.A. 25-4318, the Act seems to contemplate this filing with the county election officer as the initial step in the process of recalling a local officer.

K.S.A. 25-4331 provides for review in the district court of determinations relating to the recall of local officers and states:

"Any person aggrieved by a determination made by the county election officer or county attorney of the county where petitions are required to be filed may bring an action to have the determination reviewed within thirty (30) days of the date on which notice of determination was given by action in the district court of such county."

The Committee argues that K.S.A. 25-4331 does not authorize the district court to review a county attorney's determination regarding the sufficiency of a recall petition until the county election officer determines the petition is properly filed pursuant to K.S.A. 25-4326, i.e., after the petition has been circulated for signatures. The Committee asserts that allowing review of the county attorney's determination prior to that time would provide two opportunities to challenge the sufficiency of a recall petition because K.S.A. 25-4331 also provides for review of a determination by the county elections officer.

The Committee's argument is misplaced. The plain language of K.S.A. 25-4331 provides for review when a person is aggrieved by a determination of the county attorney by bringing an action to have the determination reviewed "within thirty (30) days *of the date on which notice of determination* was given by action in the district court of such county." (Emphasis added.) There is no language in the statute to suggest that an aggrieved person must wait to seek review until the petition is filed with the county election

officer pursuant to K.S.A. 25-4326. The plain language of the statute also suggests that the clause emphasized above refers to the date on which the recall committee or local officer receives notice, pursuant to the notice requirements of K.S.A. 25-4322, of the county attorney's determination that the petition is either sufficient or insufficient.

Moreover, the Committee's fear that an aggrieved party will have two opportunities to challenge the county attorney's determination is unwarranted. Should an aggrieved party seek judicial review of a county attorney's determination prior to the county election officer's determination of sufficiency pursuant to K.S.A. 25-4326, and then later seek judicial review of the county election officer's determination, further review of the prior determination by the county attorney would generally be foreclosed under the law of the case doctrine. See, *e.g., Steele v. Guardianship & Conservatorship of Crist*, 251 Kan. 712, 720-21, 840 P.2d 1107 (1992) (under the law of the case doctrine, once issues are decided by the court, those issues should not be relitigated or reconsidered unless they are clearly erroneous or unless some manifest injustice has been imposed).

The Committee also argues that the reference in K.S.A. 25-4331 to a determination by the county attorney does not refer to the determination by the county attorney of the sufficiency of the petition pursuant to K.S.A. 25-4302 but rather to review in those instances where the officer being recalled is the county election officer. See K.S.A. 25-4318. However, the Committee somewhat contradicts this position by also suggesting that judicial review of the county attorney's determination in the present case would have been appropriate under K.S.A. 25-4331 had the county attorney found the petition insufficient rather than sufficient. The Committee fails to explain this inconsistency.

We conclude that under K.S.A. 25-4331, the review of the county attorney's determination of the sufficiency of the petition pursuant to K.S.A. 25-4302 may be sought within 30 days of notice of the county attorney's determination. The district court did not err in exercising review of the sufficiency of the recall petition.

The Committee next contends the court erred in finding the grounds for recall stated in the petition were insufficient pursuant to K.S.A. 25-4302. Baker essentially invokes the district court's reasoning and contends the court did not err in finding the petition insufficient. Resolving this issue again involves application of the rules of statutory construction stated above.

In *Unger v. Horn,* 240 Kan. 740, 732 P.2d 1275 (1987), the appellants, elected and acting members of a local school board, appealed the district court's finding that a recall petition was legally sufficient under K.S.A. 25-4302. The initial determination that the recall petition was legally sufficient was made by the local county election officer. The case preceded the 1987 amendment to K.S.A. 25-4302 which placed the initial determination of legal sufficiency of a recall petition with the local county or district attorney rather than with the local county election officer. The only question on appeal was whether the petition sufficiently stated a ground for recall pursuant to K.S.A. 25-4302, specifically misconduct in office, by alleging that the board members had violated the Kansas Open Meetings Act. 240 Kan. at 742-43.

The *Unger* court stated the rule of statutory construction in recall cases:

"Where a state constitutional provision provides for the recall of public officials, recall is viewed as a fundamental right which the people have reserved to themselves. When the power of recall is a fundamental right, statutes governing the exercise of the power are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed. 63A Am. Jur. 2d, Public Officers and Employees § 190." 240 Kan. at 741.

The court defined misconduct in office as " '[a]ny unlawful behavior by a public officer in relation to the duties of his office, willful in character.' " 240 Kan. at 743 (citing *Wysong v. Walden,* 120 W. Va. 122, 125, 196 S.E. 573 [1938]). The court held that an allegation of willful violation of the Kansas Open Meetings Act constitutes a legally sufficient claim of misconduct under K.S.A. 25-4302. 240 Kan. at 743. However, the court also held that the allegations in the recall petition failed to state a ground for recall with particularity as required by the Recall Act. 240 Kan. at 747. After comparing the statutes and decisions of other states and re-

viewing the legislative history of our Recall Act, the court found that the legislative intent in creating the Act was to make "the constitutional provisions for recall meaningful and [prevent] undue harassment of elected officials." 240 Kan. at 746. The court found that the petition failed to contain more than a general statement of the ground for removal. 240 Kan. at 747.

In *Cline v. Tittel*, 20 Kan. App. 2d 695, 891 P.2d 1137, *rev. denied* 257 Kan. 1091 (1995), the county attorney appealed the district court's decision reversing his determination that a recall petition filed against members of the local school board failed to state sufficient grounds for recall. The petition alleged a school board member voted to discontinue a wrestling program notwithstanding the fact that the agenda for the meeting " 'did not inform the public that discontinuance of the wrestling program would be considered by the Board.' " 20 Kan. App. 2d at 696. The issue on appeal specifically required the court to interpret the scope of the language in K.S.A. 25-4302, which requires that the county or district attorney " 'shall determine the sufficiency of the grounds' " stated in the petition for recall of a local officer. 20 Kan. App. 2d at 698. This court held that the county attorney, when reviewing the petition, does not determine "whether the grounds asserted should subject a particular local officer to recall, but whether the facts stated in the petition allege one or more of the four statutory grounds for recall listed in K.S.A. 25-4302 with sufficient particularity in not more than 200 words." 20 Kan. App. 2d at 701.

In the present case, the Committee views the scope of the county attorney's review under K.S.A. 25-4302 in much the same way as the recall committee in *Cline*. The Committee essentially contends that the county attorney's review should be limited and that the county attorney should defer to the electorate concerning the sufficiency of the allegations in the petition. Baker views the scope of the county attorney's review as somewhat larger as did the county attorney in *Cline*. He contends the allegations of "misconduct in office" and "incompetence . . . to perform duties prescribed by law," K.S.A. 25-4302, require the county attorney to determine that the allegations contain a sufficient nexus between the conduct alleged and a duty of the elected official.

After reviewing the Act and the case law, we conclude the legislature has intended that the county attorney undertake more than the ministerial review described by *Cline*. Several reasons lead to this conclusion.

First, the plain meaning of the statute suggests the grounds for recall must meet a minimum threshold. The grounds for recall are "conviction of a felony, misconduct in office, incompetence or failure to perform duties prescribed by law." K.S.A. 25-4302. The *Cline* court seems to suggest that the statute is satisfied so long as the ground alleged is keyed to one of the grounds stated in the statute and is stated with particularity. See 20 Kan. App. 2d at 701 (the county attorney, checking for form and word count, only determines "whether the facts stated in the petition allege one or more of the four statutory grounds for recall listed in K.S.A. 25-4302 with sufficient particularity in not more than 200 words."). Thus, for example, it seems that an allegation that the elected official had answered a telephone call in a rude manner, if stated under the guise of "misconduct in office" in 200 words or less, would be legally sufficient under the *Cline* court's interpretation of K.S.A. 25-4302.

However, by providing "conviction of a felony" as the first ground for recall, the legislature clearly contemplates that the allegations must meet some level of seriousness. It would be incongruous to even list "conviction of a felony" as a ground for recall if mere rudeness could lead to recall.

Second, the majority's decision in *Unger* suggests a more meaningful level of review by the county attorney than was employed in *Cline*. In *Unger*, the court assessed the county election officer's determination on two levels: (1) whether the grounds for recall in the petition were adequate and (2) whether the grounds for recall were stated with sufficient particularity. In discussing the grounds requirement, the court faced the question of whether an allegation of misconduct for violating the Kansas Open Meetings Act was sufficient. If the allegation of misconduct was itself enough, there would have been no need to further define misconduct in office as " '[a]ny unlawful behavior by a public officer in relation to the duties of his office, willful in character,' " 240 Kan. at 743, and to

determine that an allegation of violating the Kansas Open Meetings Act amounted to misconduct in office.

Moreover, in so defining the ground of "misconduct in office," the court not only indicates that the alleged misconduct must be "unlawful," but also that a petition that alleges misconduct in office must show that the alleged misconduct actually treads upon the duties of office of the elected official.

Third, the dissent in *Unger* by Justice (now Chief Justice) McFarland suggests that the majority interpreted the Act as requiring some type of meaningful review by the county attorney. The dissent argues strenuously for interpreting the Act to read the review requirement under K.S.A. 25-4302 as ministerial in nature. See 240 Kan. at 752-53. The majority must have contemplated much more than a ministerial review function to draw such a dissent. In addition, the legislature's intent concerning the scope of the county attorney's review under K.S.A. 25-4302 can also be seen through its inaction since the *Unger* decision. Had the legislature desired to limit the review by the county attorney in line with Chief Justice McFarland's dissent, it has had ample opportunity to do so.

Finally, the legislature's intent concerning the threshold a recall petition must meet in order to be circulated to the electorate can be discerned from the limitations provision contained in the Act. See K.S.A. 25-4323. The *Cline* decision suggests, as does Chief Justice McFarland's dissent in *Unger*, that the electorate is capable of deciding whether the grounds for recall in the petition meet the requirements of K.S.A. 25-4302. This may be true. However, in creating the Act the legislature intended to make "the constitutional provisions for recall meaningful and [prevent] undue harassment of elected officials." *Unger*, 240 Kan. at 746. In doing so, the legislature provided that "[o]nly one recall election may be held to recall a particular local officer in a single term of office, and no petition for a second recall election within a single term shall be approved or circulated." K.S.A. 25-4323. The danger of circulating a frivolous recall petition to the electorate, despite the electorate's capability of determining the petition's frivolity, is that the electorate would thereafter be foreclosed from recalling the official should a truly meritorious reason for recall arise; *e.g.*, conviction

of a felony. " 'In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested.' " *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994) (quoting *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 [1978]). " 'The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so.' " *Guardian Title Co. v. Bell*, 248 Kan. 146, 151, 805 P.2d 33 (1991) (quoting *Easom v. Farmers Insurance Company*, 221 Kan. 415, Syl. ¶ 3, 560 P.2d 117 [1977]).

We hold that, for the recall of elected officials, (1) the ground of "misconduct in office" in K.S.A. 25-4302 requires the allegation in the recall petition to show some nexus between the alleged misconduct and the elected official's duties in office; and (2) the grounds of "incompetence or failure to perform duties prescribed by law" in K.S.A. 25-4302 require the recall petition to show some nexus between the alleged conduct and the elected official's duties as prescribed by law. Provided the grounds listed in the recall petition sufficiently meet the requirements of K.S.A. 25-4302, the truth or falsity of the grounds must still be determined by the electorate, not the county or district attorney. See *Unger*, 240 Kan. at 742.

Next, we must review the district court's determination that the recall petition failed to meet the requirements of K.S.A. 25-4302.

The court found the first two grounds in the recall petition lacked the required nexus between the alleged misconduct and Baker's official duties. The Committee seems to argue that the alleged misconduct has a sufficient nexus to Baker's duties in office because the petition alleged violations of the law and the chief law enforcement officer of a county must at all times uphold the law. However, just as it did in the district court, the Committee has failed to make any legitimate showing on appeal of the duties of office for the Rice County sheriff. Accordingly, the Committee's contention that the petition alleged a sufficient nexus to those du-

ties must fail because the Committee has not met its burden on appeal to affirmatively show error. See *Taiwo v. Wu*, 249 Kan. 585, 597, 822 P.2d 1024 (1991) ("On appeal, the appellant has the burden to show error [and] it is the appellant's burden to designate a record sufficient to establish the claimed error.").

The third ground in the recall petition alleged "INCOMPETENCE JUDGED BY HIS PEERS" arising from an incident where over half of the county Drug Task Force resigned when Baker, who had been requested to resign by this group, refused to do so. The court found the third ground was "not specific as to the particular official duties." In *Unger*, the court held: "The grounds stated in a recall petition must be specific enough to allow the official an opportunity to prepare a statement in justification of his or her conduct in office." 240 Kan. at 747. We conclude that the general allegations in the recall petition relating to the sheriff's leadership abilities in connection with the Drug Task Force do not meet the standards set by the court in *Unger*.

The Committee interprets the district court's statement "is not specific as to the particular official duties" as a finding similar to the finding in the first two grounds, that the Committee had failed to establish a nexus between the alleged conduct and the sheriff's official duties. Assuming that was the basis of the district court's finding, then the Committee's contention on this point must fail for the same reason as on the first two: the Committee has failed to meet its burden to affirmatively show error.

Affirmed.