(930 P.2d 624)
No. 75,488

CITY OF DESOTO, KANSAS, *Appellant/Cross-appellee,* v. CONSOLIDATED RURAL WATER DISTRICT NO. 6, JOHNSON COUNTY, KANSAS, *Appellee/Cross-appellant.*

Opinion filed January 17, 1997.

*L. Franklin Taylor* and *Allan E. Coon,* of Norton, Hubbard, Ruzicka & Kreamer, L.C., of Olathe, for appellant/cross-appellee.

*George J. Schlagel* and *Christopher A. Gordon,* of Schlagel & Associates, of Olathe, for appellee/cross-appellant.

*Gary H. Hanson* and *Todd A. Luckman,* of Stumbo, Hanson and Hendricks, L.L.P., of Topeka, for *amicus curiae* Kansas Rural Water Association.

*Donald L. Moler, Jr.,* general counsel, League of Kansas Municipalities, of Topeka, for *amicus curiae* League of Kansas Municipalities.

Before KNUDSON, P.J., RULON, J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

KNUDSON, J.: The City of DeSoto (City) appeals the district court's grant of summary judgment to Consolidated Rural Water District No. 6 (District) and an award of $41,000, representing the value of water district property annexed by the City.

The City contends that the district court's interpretation of K.S.A. 12-527 was erroneous and that there was not substantial competent evidence to support the court's finding of value for the annexed property. The District has cross-appealed, contending there was insufficient evidence to support the court's finding of value.

In July 1992, the City annexed a tract of land owned by Miles, Inc., which was located within the District. Miles, Inc., owned and operated a commercial business, which the District supplied with water; in fact, it was the District's largest customer.

Pursuant to K.S.A. 12-527, the City undertook negotiations with the District to purchase the facilities within the annexed area for their reasonable value. Since the City believed that it should pay for only the physical value of the facilities and the District believed that it was entitled to compensation based upon a going concern value, the parties were unable to agree upon a value. Thereafter,

as prescribed in K.S.A. 12-527, the parties each selected an appraiser but then departed from the statutory procedure. The City filed this action, stating that both parties were requesting that the district court determine the correct methodology to arrive at a reasonable value for the facilities and instruct the appraisers accordingly.

Both parties filed motions for summary judgment, contending that there were no material issues of fact in dispute and that the district court could decide, as a matter of law, whether the City's or the District's approach to value should be adopted under K.S.A. 12-527.

The district court prudently avoided a premature decision of the issue and instead ordered the two appointed appraisers to select a third appraiser. The three appraisers were to assess the value of the facilities under *both* theories and thereafter submit a report to the court.

Subsequently, the appraisers issued a report to the district court. The report determined the physical value of the facilities to be $19,300 and the going concern value to be $41,000.

Without further hearing, the district court entered its memorandum decision, finding that "[t]he term reasonable value used in K.S.A. 12-527 is an open ended term granting to the appraisers . . . the discretion to consider whatever evidence they deem to be relevant in determining the reasonable value of the property taken." The memorandum decision further stated that "K.S.A. 12-527 does not limit the value of the property taken to the value of the physical property taken." The court granted summary judgment to the District in the amount of $41,000.

The fundamental issue raised on appeal is whether, under K.S.A. 12-527, a water district's property, facilities, and improvements, which have been annexed by a city, should be appraised based upon the value of the physical assets only or based upon the loss to a water district as a going concern.

K.S.A. 12-527 does not define fair market value, and the statute does not give specific factors that appraisers should consider in determining the reasonable value of property, facilities, and im-

provements acquired as a result of an annexation. Thus, we must go beyond the language of the statute to ascertain legislative intent.

"In determining legislative intent, courts are not limited to a mere consideration of the language used but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effects the statute may have under the various constructions suggested." *Cline v. Tittel*, 20 Kan. App. 2d 695, Syl. ¶ 3, 891 P.2d 1137, *rev. denied* 257 Kan. 1091 (1995).

K.S.A. 12-527 was first enacted in 1968. The statute gave a city complete authority to determine the value of water district facilities within an annexed area if the city and the water district were unable to agree on a reasonable value. The statute also contained a provision which stated that a city should pay a portion of a water district's outstanding indebtedness in addition to payment for the "physical facilities." K.S.A. 1968 Supp. 12-527.

In 1987, S.B. 436 substantially amended 12-527. During consideration of this bill by the House Committee on Energy, Representative Robert Vancrum, who presented the bill, stated in a memorandum:

"[Under the amendments to 12-527] [t]he reasonable value will be determined not by the city and not by the district but by three dis-interested appraisers. In the event either party is unsatisfied with the result, they may appeal to the District Court. In the meantime, the city will, if it chooses, be able to provide service to the annexed area, but will, nevertheless, be forced to purchase the district assets and *customer base taken* by them." (Emphasis added). Memorandum to House Energy Committee, Rural Water District Annexation Bill, S.B. 436 (May 2, 1987).

In addition, Representative Vancrum noted that "[t]he formula for determining value . . . is deleted. The appraisers may consider any elements of value they wish." Memorandum to House Energy Committee, Rural Water District Annexation Bill, S.B. 436 (May 2, 1987).

The House Energy Committee also received written testimony from Dennis Swartz, who represented the Kansas Rural Water Association. In discussing S.B. 436, Swartz noted that although a small percentage of geographical territory would be lost due to an annexation, the association was concerned about the loss of an ex-

tremely high percentage of income from the users. Swartz explained that while the most profitable users often occupy the land annexed by a city, a water district loses a small geographical area, which allows it no significant reduction in overhead costs. Minutes of House Energy and Natural Resources Committee, Rural Water District Annexation Bill, S.B. 436 (May 2, 1987).

We believe that the language of K.S.A. 12-527, coupled with the above legislative history, supports the district court's interpretation of the statute. Under the statute, appraisers should be instructed to take into consideration the going concern value of the facilities within an annexed area in determining fair market value. Such an approach recognizes and properly considers not only the physical assets taken by a city but also the going concern value, which a city receives and a water district loses. To interpret the statute as only providing for the physical value of the assets would financially damage a water district to the advantage of a city. We do not believe that the legislature intended such an unfair outcome.

The second issue raised by both parties is whether the value determined by the appraisers was reasonable, regardless of methodology. In its memorandum decision, the district court stated that the appraisers' value of $41,000 was reasonable and supported by the evidence.

K.S.A. 12-527(a)(3) provides, in material part: "If either the district or the city is dissatisfied with the decision of the appraisers, then the district or the city may institute an action in the district court to challenge the reasonableness of the value determined by the appraisers."

A review of the record on appeal convinces us that the issue of the reasonableness of the appraisal was not placed before the trial court in this litigation. Prior to appraisal, the action that was brought was in the nature of a declaratory judgment action to ascertain the methodology of appraisal. Just as important, the parties were never given an opportunity by the district court to challenge the reasonableness of the appraisal before the entry of summary judgment. Under these circumstances, the district court's monetary award to the District must be reversed, and the case must be

remanded for an evidentiary hearing to determine the reasonableness of the value determined by the appraisers.

Affirmed in part, reversed in part, and remanded with directions.