Mary Ann Shirley Greenwood County Attorney 311 N. Main Eureka, Kansas 67045
Dear Ms. Shirley:
As Greenwood County Attorney, you request our opinion regarding the sufficiency of grounds set forth in a petition seeking the recall of a county commissioner. While review of the sufficiency of the grounds is an obligation of the county attorney,[1] you request our assistance because of a potential conflict of interest. (We do not have sufficient information to determine whether there is in fact a legal conflict, and so do not determine that issue for purposes of this opinion).
The petition submitted for review contains the following statement:
 "I, the undersigned, pursuant to K.S.A. 25-4301 et seq., hereby seek the recall of CHRISTOPHER R. LANCE from the office of Greenwood County Commissioner, 3rd District, on the grounds that he wilfully violated the Kansas Open Meetings Act by participating in a prearranged meeting with a majority of a quorum of the Greenwood County Commissioners on December 10th, 1998. Specifically Lance and another member of the County Commission traveled together to Garden City, Kansas and met with a BFI official to view a solid waste landfill. The commissioners there discussed county business, that being the disposal of solid waste in Greenwood County. The meeting was not disclosed to the public, not open to the public, and official notice was not provided to those who had requested it."
You state in your request for an opinion that Mr. Lance and another Greenwood County Commissioner traveled to Garden City on December 10, 1998. The two commissioners were accompanied by the public works administrator and employees of Ritchey Corporation and BFI. The purpose of the trip was to gather information and observe the operation of a landfill. You conclude that there was no official meeting, no county business was discussed, and there was no voting on or discussion of any issues before the Greenwood County Commission.
Recall is a fundamental right reserved to the citizens of the state by the Kansas Constitution.[2]
 "Where a state constitutional provision provides for the recall of public officials, recall is viewed as a fundamental right which the people have reserved for themselves. When the power of recall is a fundamental right, statutes governing the exercise of the power are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed."[3]
A petition seeking recall of a local official must include the items set forth in K.S.A. 25-4320. The grounds for recall are conviction of a felony, misconduct in office, incompetence or failure to perform duties prescribed by law.[4] "Each petition for recall of a local officer shall include . . . the grounds for recall described in particular in not more than 200 words. . . ."[5] "The grounds stated in a recall petition must be specific enough to allow the official an opportunity to prepare a statement in justification of his or her conduct in office."[6] A petition alleging "misconduct in office" or "incompetence or failure to perform duties prescribed by law" must establish some nexus between the alleged conduct and the elected official's duties in office.[7] "Provided the grounds listed in the recall petition sufficiently meet the requirements of K.S.A. 25-4302, the truth or falsity of the grounds must still be determined by the electorate, not the county or district attorney.[8]
In Unger v. Horn,[9] the Kansas Supreme Court reviewed issues related to petitions seeking the recall of two members of a board of education. Both petitions alleged that the particular board member failed to utilize "the expertise of professional educators employed by the district, preferring to substitute his personal prejudices, and he violates the Kansas Open Meetings law by participating in unannounced private meetings."[10] The Court determined that:
 "An allegation in a petition for recall that a public official willfully violated the Kansas Open Meetings Act is a legally sufficient claim of misconduct and may subject the public official to a recall election. The district judge correctly determined that [the board members] were subject to recall for violation of the Kansas Open Meetings Act whether or not they were charged and convicted of the violation."[11]
The Court further determined, however, that the petitions did not set forth "the grounds for recall described in particular" as required by state statute. Rather, "the charge [contained in the petitions] is merely a general allegation that [the board members] violated the Open Meetings Act. Unless a particular allegation of the violation of the Open Meetings Act is stated, [the board members] have no opportunity to refute the charges."[12]
Therefore, the petitions as filed were insufficient to subject the board members to recall.
The petition regarding the Greenwood County Commissioner contains an allegation of a violation of the Kansas Open Meetings Act (KOMA), but does not set forth whether such conduct constitutes "misconduct in office, incompetence or failure to perform duties prescribed by law." It appears the petitions reviewed in Unger
may likewise have lacked such a designation. Regardless, given the Court's clear determination in Unger that violations of KOMA may constitute misconduct in office and the requirement that statutes regarding recall be liberally construed in favor of the ability to exercise that power, the lack of such designation is not fatal to the grounds set forth in the petition. The petition also provides a specific date on which the alleged meeting occurred, the location of the alleged meeting, the subject discussed at the alleged meeting, and names the participants of the alleged meeting. The grounds in the petition seeking the recall of the Greenwood County Commissioner are set forth with sufficient particularity as to allow the Greenwood County Commissioner an opportunity to prepare a statement in justification of his conduct in office. The veracity of the allegations contained in the recall petition is to be determined by the electorate, not the county attorney. We therefore do not reach that issue.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] See K.S.A. 25-4302.
[2] Eveleigh v. Conness, 261 Kan. 970, 977 (1997). See Kan. Const., Art. 4, § 3.
[3] Id. quoting Unger v. Horn, 240 Kan. 740, 741 (1987).
[4] K.S.A. 25-4302.
[5] K.S.A. 25-4320.
[6] Baker v Gibson, 22 Kan. App. 2d 36, 46 (1995), quotingUnger v. Horn, 240 Kan. at 747.
[7] Id. at 45. But see Cline v. Tittel, 20 Kan. App. 2d 695
(1995).
[8] Id. at 45.
[9] 240 Kan. 740 (1987).
[10] Id. at 741.
[11] Id. at 743.
[12] Id. at 747.