(661 P.2d 823)

No. 54,513

BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Plaintiff*, v. JAMES K. KEARNEY, *Appellant/Cross-appellee*, and BERTHA V. RUSSELL, *Appellee/Cross-appellant*.

Opinion filed April 14, 1983.

*Roy S. Bennett, Jr.*, of Bennett & Heaven, of Shawnee, for appellant/cross-appellee.

*Barry D. Martin*, of Hackler, Londerholm, Corder, Martin & Hackler, Chartered, of Olathe, for appellee/cross-appellant.

Before SWINEHART, P.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is an appeal from a judgment setting aside that part of a tax foreclosure sale involving eleven acres of land in Johnson County, Kansas.

We believe the disposition of this appeal turns on whether the trial court erred in setting aside the tax foreclosure sale for failure of the defendant to file the affidavit required by K.S.A. 79-2804h prior to confirmation of the sale. K.S.A. 79-2804h provides:

"No sale of real estate as provided for in article 28 of chapter 79 of the Kansas Statutes Annotated *shall be confirmed* as provided for in K.S.A. 79-2804, *until* the purchaser at the sale, shall file with the clerk of the court, an affidavit stating that the purchase of the real estate was not made, either directly or indirectly, for any person having the statutory right to redeem." (Emphasis supplied.)

The dispositive facts are simple and substantially undisputed. Johnson County, Kansas, was in the process of conducting a tax foreclosure proceeding on multiple parcels of real estate. The

proceeding had reached the sale stage. Each potential bidder who attended the sale on December 6, 1978, was required to register and obtain a bid number. At the same time a potential bidder registered to bid, he or she signed an affidavit that contained the wording required by K.S.A. 79-2804h. If that person was the high bidder on one piece or more of real estate sold at the sale, the legal description was added to the affidavit by the notary after the sale was over and the affidavit notarized later in the notary's office. James K. Kearney registered to bid and printed his name on the "blank" affidavit. The notary subsequently, and outside the presence of Kearney, added the legal description and notarized the document.

The parties have expended considerable effort briefing the issue of whether Kearney signed his name when he printed it on the affidavit. The law in Kansas is that a signature may be by mark, initials, typewriter, print or stamp, or any other symbol if by placing the symbol on the document the person so doing intended the symbol to be a binding signature. *Southwest Engineering Co., Inc. v. Martin Tractor Co., Inc.*, 205 Kan. 684, 690, 473 P.2d 18 (1970); *Guthrie v. Anderson,* 49 Kan. 416, 420, 30 Pac. 459 (1892). The trial judge found that Kearney had the necessary intent when he printed his name on the affidavit and that the notary so interpreted Kearney's act when she notarized the affidavit. Substantial competent evidence to support those findings is in the record in the testimony of Kearney and the notary.

The fatal flaw by Kearney in this case is that the notary retained the affidavit in her files at the Johnson County sheriff's office. It was not filed with the clerk of the court as required by K.S.A. 79-2804h until after this action had been commenced.

Although of no real significance to our decision, the facts leading to Bertha V. Russell's heirs filing a petition to set the sale aside are as follows: The property in question was purchased by Mrs. Russell's husband, I. D. Russell, in 1923. Mr. Russell formed a partnership called "I. D. Russell Company" that continued until the late 1950's. It is presently a corporation. I. D. Russell died in 1955, and his widow and their three sons then owned the business. The real estate in question was transferred from time to time between the business and the Russell family. The property was deeded to Mrs. Russell in 1958. Mrs. Russell

would receive the Johnson County tax statement and present it to I. D. Russell Company, which would pay the taxes and charge it to Mrs. Russell's account. The taxes were paid in this manner until Mrs. Russell died on January 2, 1973.

Mrs. Russell resided at 4514 *Cambridge,* Kansas City (Jackson County), Missouri, at the time of her death. Her estate was probated in Jackson County, Missouri. No proceedings were had in Johnson County, Kansas, until after the tax foreclosure suit was commenced. The taxes for 1973 and subsequent years were never paid, which led to the tax foreclosure proceeding. All notices of the tax foreclosure proceeding were mailed to Mrs. Russell at 4514 Cambridge *Court,* Kansas City, Missouri. They were returned to Johnson County, but with no indication that Mrs. Russell had died. Publication service was then commenced. The publication notice was mailed to the same address and returned to the sender. The Russell sons denied any knowledge of the tax foreclosure proceeding and testified the taxes would have been paid if they had received the tax statements. They first learned of the sale when Kearney called them after the sale had been confirmed. They immediately filed a petition to set aside the tax foreclosure sale as to the Russell land. The petition was filed within twelve months of the tax foreclosure sale.

The trial court found that the affidavit required by K.S.A. 79-2804h was not filed with the clerk of the court until January 8, 1980, after the Russells had petitioned the trial court (on November 28, 1979) to set aside the tax foreclosure sale; that by reason of Kearney's failure to comply with the statutory requirement, the confirmation of sale was invalid. The trial court ordered that the sale be set aside, that the county reimburse Kearney in accordance with K.S.A. 79-2804c, and that the Russells pay within thirty days all taxes, interest, penalties and other charges due and owing on the property. This appeal followed.

In ascertaining legislative intent, the primary rule is to examine the whole act and give consideration to its nature, its object and the consequences that would result from the construction urged. *Wilcox v. Billings,* 200 Kan. 654, 657-58, 438 P.2d 108 (1968). In construing the effect of noncompliance with a statutory provision, a court should inquire as to the purpose of the prohibition. *City of Kansas City v. Board of County Commissioners,* 213 Kan. 777, 783, 518 P.2d 403 (1974).

*Wilcox* and *City of Kansas City* both set out guidelines for determining whether statutory proceedings are mandatory or directory. Tax foreclosure statutes provide that no sale shall be made, either directly or indirectly, to any person having a right to redeem the property before such sale. K.S.A. 79-2804g. The next statute prohibits confirmation until the disclaimer affidavit has been filed. We view the legislative intent of K.S.A. 79-2804g and -2804h to mandate that the affidavit be filed before confirmation, and the failure to file it before confirmation subjects the sale to being set aside. *Pearcy v. Williams,* 163 Kan. 439, 183 P.2d 243 (1947).

The trial court did not err or abuse its discretion in setting aside the sale. Having so held, we deem the remaining issues moot.

Affirmed.