57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael D. WEBB, Plaintiff/Appellant,
v.
AIRLINES REPORTING CORPORATION, Richard A. Cooter, and R.
Michael Steele, Defendants/Appellees.
 No. 94-3142.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1995.
 
 1
 Before EBEL and KELLY, Circuit Judges, and BRATTON*, District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BRATTON, Senior District Judge.
 
 
 4
 Plaintiff Michael Webb appeals the district court's grant of summary judgment in favor of defendants. Mr. Webb's suit was brought in diversity and thus Kansas substantive law applies. Mr. Webb argues that the district court erred in holding that as a matter of law defendants had probable cause to initiate the underlying litigation that formed the basis for Mr. Webb's malicious prosecution action against them. We hold that summary judgment for the defendants was appropriate, and we affirm.
 
 I. Background
 
 5
 On June 28, 1990, Defendant Airlines Reporting Corporation (ARC) filed an action against Travel Services Clearinghouse (TSC) and Mr. Webb in the United States District Court for the District of Kansas. Defendants Richard A. Cooter and R. Michael Steele represented ARC in this action. ARC sued to collect on a debt owed by TSC, a corporation solely owned by Mr. Webb. ARC based its claim against Mr. Webb on a personal guarantee allegedly executed by him. ARC sought judgment in the amount of $506,931.79 against TSC and against Mr. Webb.
 
 
 6
 After a bench trial, the district court entered a default judgment against TSC but held that Mr. Webb was not liable on the personal guarantee. The district court concluded that although Mr. Webb printed his name on the guarantee form, he did not sign his name on the signature line. The district court rejected ARC's arguments analogizing to the Uniform Commercial Code definition of signature. ARC did not appeal the district court's decision.
 
 
 7
 Mr. Webb then sued ARC, Cooter and Steele for malicious prosecution, abuse of process, defamation, fraud, and the tort of outrage. On June 1, 1993, the district court dismissed Mr. Webb's claims for defamation, fraud, and tort of outrage. On April 5, 1994, the district court granted the defendants' motion for summary judgment on the malicious prosecution and the abuse of process claims. This appeal followed.
 
 II. Discussion
 A. Standard of Review
 
 8
 We review a grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c) and examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We view the evidence and draw any inferences in the light most favorable to the party opposing summary judgment. MacDonald v. Eastern Wyoming Mental Health Center, 941 F.2d 1115, 1117 (10th Cir.1991). We affirm the district court's decision to grant summary judgment if the record contains any basis to do so. Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir.1993).
 
 B. Malicious Prosecution
 
 9
 Mr. Webb raises only one issue on appeal. He contends the district court erred in ruling as a matter of law that defendants had probable cause to file and pursue the underlying lawsuit against him. First, Mr. Webb argues the district court "simply misunderstood" his position. Mr. Webb's contention was that defendants did not have probable cause to bring a claim against him on the personal guarantee because he did not sign it and the Kansas Statute of Frauds, Kan.Stat.Ann. Sec. 33-106,[1] clearly required that a promise to answer for the debt of another be signed[2] by the person to be charged. According to Mr. Webb, contrary to what the district court found, he did not argue that a "cursive signature" was required under the Kansas Statute of Frauds. Mr. Webb claims his position was that the guarantee form lacked any signature. Mr. Webb contends the signature line on the personal guarantee form was left blank. However, the district court in the underlying action concluded that Mr. Webb printed his name on the personal guarantee form. Second, Mr. Webb argues the district court erred in determining probable cause existed because a material factual dispute existed. Third, Mr. Webb argues the district court erred in finding probable cause existed to believe he signed the guarantee. Finally, Mr. Webb argues the district court misinterpreted the law with regard to the time-frame for evaluating probable cause.
 
 
 10
 Under Kansas law, to maintain an action for malicious prosecution a plaintiff has to prove the following elements: (1) that the defendant initiated, continued, or procured the proceeding of which complaint is made; (2) that the defendant in so doing acted without probable cause; (3) that defendant acted with malice; (4) that the proceeding terminated in his favor; and (5) that he sustained damages. Lindenman v. Umscheid, 255 Kan. 610, 875 P.2d 964, 974 (1994).
 
 
 11
 Probable cause for instituting a proceeding exists when there is reasonable grounds for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious or prudent person in the belief that the party committed the act of which he is complaining. Id. The inquiry as to want of probable cause is limited to the facts and circumstances as they appeared to defendant at the time he commenced the prosecution. Hunt v. Dresie, 241 Kan. 647, 653, 740 P.2d 1046, 1052 (1987). If the facts are undisputed, the question of probable cause is one for the court to decide as a matter of law. Id. If the facts tending to establish the existence or want of existence of probable cause are in dispute, it becomes the duty of the trial court to submit the question to the jury. Id.
 
 
 12
 In January of 1986, Mr. Webb and ARC entered into an Agent Reporting Agreement (Agreement). The Agreement contained a provision requiring that Mr. Webb submit a personal guarantee following a declaration of default as a condition precedent to reinstatement of an his right to use ARC's traffic documents and airline identification plates. In August of 1986, ARC declared TSC in default on the Agreement. After payment by TSC of the amount owed to ARC and the furnishing of a notarized personal guarantee, ARC returned the ticket stock and plates to TSC. Without the personal guarantee of performance, ARC would not have continued to provide Mr. Webb with ARC traffic documents. Subsequently, Mr. Webb defaulted a second time on the Agreement. Because TSC never cured this default, ARC terminated the Agreement.
 
 
 13
 Having reviewed the record, we reject all of Mr. Webb's arguments. At the time defendants commenced the underlying action, they had reasonable grounds to support their belief that Mr. Webb was personally liable for the amount owed to ARC by TSC.
 
 
 14
 It is undisputed that ARC possessed a notarized and witnessed written personal guarantee on which Mr. Webb printed his name and designated himself as "President." It is also undisputed that Mr. Webb was aware of the Agreement's provision requiring that he submit a personal guarantee following a declaration of default as a condition precedent to reinstatement of his right to use ARC's traffic documents and airline identification plates. Finally, it is undisputed that after payment by TSC of the amount owed to ARC and after the furnishing of a notarized and witnessed personal guarantee, Mr. Webb received ARC's traffic documents and airline identification plates and resumed doing business with ARC. Based on these facts, defendants had probable cause as a matter of law to initiate the underlying action. Once defendants discovered Mr. Webb left the personal guarantee signature line blank but printed his name on the form, they had probable cause to continue with their action based on their good faith belief that Mr. Webb had printed his name on the personal guarantee form with the intent to authenticate and that this constituted a valid signature for purposes of executing the guarantee. For these reasons, we affirm the district court.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Howard C. Bratton, Senior District Judge of the United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 33-106 provides:
 Specific cases where writing required. No action shall be brought whereby to charge a party upon any special promise to answer for the debt, default or miscarriage of another person; or to charge any executor or administrator upon any special promise to answer damages out of his own estate; or to charge any person upon any agreement made upon consideration of marriage; or upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them; or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing.
 
 
 [2]
 The Kansas Statute of Frauds does not address what constitutes "signed," however, "[t]he law of Kansas is that a signature may be by mark, initials, typewriter, print or stamp, or any other symbol if by placing the symbol on the document the person so doing intended the symbol to be a binding signature." Board of County Comm'rs of Johnson County v. Kearney, 8 Kan.App.2d 534, 535, 661 P.2d 823, 824 (1983)