Estel L. Landreth, DDS President Kansas Board of Dental Examiners 3601 S.W. 29th Street, S-134 Topeka, Kansas 66614-2082
Dear Dr. Landreth:
You inquire whether the dental board may legally raise its quorum from that established by common law. The answer to this question will have a direct impact upon compliance with the requirements of the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq. One of the elements of a meeting subject to the KOMA is the presence of a majority of a quorum. Thus, we first examine the meaning of a quorum and a majority.
A quorum is ordinarily a simple majority of the entire body and constitutes the minimum number of members that must be present in order to transact the business of that body. See Black's Law Dictionary 1130 (5th ed. 1979). For example, if a body has five members, a quorum of that body would be three. A majority has been defined as ". . . the greater number. The number greater than half of any total." Id. at 860. Thus, a majority of three is two. See also Attorney General Opinions No. 81-26, 83-6 and 91-73; McQuillin Municipal Corporations § 13.27 (1992). The rules for determining a quorum may not be altered in the absence of authority to legislate contrary to common law.
In State ex rel Stephan v. Board of Sedgwick County Comm'rs, 244 Kan. 536
(1989) the Kansas Supreme Court held that a county commission may raise its quorum through the use of county home rule power. Cities also possess home rule authority. Kan. const., art. 12, § 5. Attorney General Opinions No. 83-174 and 93-140 examined the authority to alter the common law quorum rule and concluded that neither the Topeka airport authority nor the Blue Valley recreation commission possessed the power to alter common law rules concerning their quorum. "[A]bsent any express or implied authority within the enabling statutes, or any general grants of authority such as home rule, the recreation commission has no authority to change its quorum requirements." Attorney General Opinion No. 93-140.
The Kansas dental board is an administrative agency created to regulate the practice of dentistry. K.S.A. 74-1404 et seq. and K.S.A. 65-1421 etseq. It does not possess anything like the broad home rule authority given to cities and counties. Rather, its powers are limited to those expressly or impliedly granted or delegated to it by the legislature.
 "The legal principle is well established that administrative agencies are creatures of statute and their power is dependent upon authorizing statutes; therefore, any exercise of authority claimed by the agency must come from within the statutes either expressly or by clear implication. There is no general or common-law power that can be exercised by an administrative agency. Pork Motel, Corp. v. Kansas Dept. of Health Environment, 234 Kan. 374, 378, 673 P.2d 1126 (1983); Woods v. Midwest Conveyor Co., 231 Kan. 763 at 770; 1 Am Jur.2d, Administrative Law § 70, p. 866. State ex rel. Secretary of S.R.S. v. Fomby, 11 Kan. App. 2d 138, 141, 715 P.2d 1045
(1986)." Cline v. Meis, 21 Kan. App. 2d 622, 626
(1995).
Thus, the primary issue becomes whether the Kansas dental board possesses any expressed or clearly implied authority thereby allowing it to alter common law rules concerning what number will constitute a quorum of its membership.
K.S.A. 74-1404 establishes the Kansas dental board and sets its membership number at a total of five persons. In accordance with the definitions for majority and quorum discussed above, a quorum of five is three, and a majority of three is two. Thus, the KOMA applies to meetings (as defined by K.S.A. 1995 Supp. 75-4317a) which involve two or more dental board members. Raising the quorum number to four would change a majority of a quorum from two to three persons.
Neither, K.S.A. 74-1406 nor K.S.A. 65-1421 et seq. include the express power to alter common law raising the quorum number. The most likely source of any implied power appears to be K.S.A. 74-1406(a) which states that "[t]he board shall . . . adopt such rules for its government as it may deem proper." The issue is whether the provision clearly implies the authority to countermand common law and the open meetings act.
Power by implication was at issue in Board of County Comm'rs of JohnsonCounty v. Greenhaw, 241 Kan. 119 (1987) wherein appellees argued that BOTA had certain implied power under K.S.A. 1986 Supp. 79-2005. The court disagreed and stated:
 "The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. Szoboszlay v. Glessner, 233 Kan. 475, 477, 664 P.2d 1327 (1983). In order to ascertain legislative intent, courts are not permitted to consider only an isolated part or parts of an act but are required to consider and construe together all parts thereof in pari materia." Id. at 128.
Attorney General Opinion No. 84-77 examined the Shawnee county civil service board and reviewed the concept of an implied power:
 "In addition to these specific powers, the board, as a governmental agency, possesses implied powers to take such reasonable steps as may be necessary for the effective exercise of the express powers conferred and the discharge of the specific duties imposed. Edwards County Comm'rs v. Simmons, 159 Kan. 41, 53 (1944); State v. Younkin, 108 Kan. 634 (1921). Thus, while the statutes pertaining to the board fail to authorize certain specific types of enforcement mechanisms, i.e., through actions for damages or by imposition of a penalty, the board may be said to possess the implied power to enforce rules adopted in accordance with its express statutory authority. The inherent equitable powers of the district court are available for the enforcement of a regulation or to enjoin its violation. See generally, 2 Am.Jur.2d Administrative Law, secs. 312, 313, 314. In conclusion, the Shawnee County Civil Service Board, established pursuant to K.S.A. 19-4303 et seq., may enforce rules adopted in accordance with its express statutory authority either through expressly authorized administrative procedures, criminal process authorized by K.S.A. 19-4327, or its implied enforcement authority via the inherent equitable powers of the district court."
Administrative agencies possess no common law authority. Cline, id. at 626. The Kansas dental board was created to enforce the statutes which regulate the practice of dentistry. The board is statutorily authorized to conduct meetings to accomplish that regulatory function. Reading the dental statutes in pari materia, we find nothing which expressly or impliedly authorizes the board to change common law definitions of a quorum or to otherwise alter the requirements of the KOMA. It is therefore our opinion that the dental board does not possess express or implied authority to alter the number of members required to constitute a quorum.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm