Tracy Streeter, Executive Director State Conservation Commission 109 S.W. 9th Street, Suite 500 Topeka, Kansas 66612-1299
Dear Mr. Streeter:
You inquire whether the executive director of the state conservation commission (commission) is authorized to find that interest costs related to the purchase of land are not eligible for cost-share reimbursement as construction or land rights costs pursuant to K.S.A. 1995 Supp. 82a-1606, dealing with state cost-share funding under the multipurpose small lakes program.
You indicate that the commission has interpreted the portion at K.S.A. 1995 Supp. 82a-1606(b) dealing with the state's share of costs to include only the items purchased, procured or installed in relation to construction, engineering and recreation. At issue is whether the commission's interpretation of the statute is valid. In order to determine whether the agency's interpretation was a valid exercise of its authority we must first examine the agency's authority.
The state conservation commission is a creature of statute. K.S.A. 1995 Supp. 2-1904. As such, its power is dependent upon authorizing statutes, and any exercise of authority must come from the statutes. Administrative agencies have no general or common law power. Pork Motel, Corp. v.Kansas Dept. of Health and Environment, 234 Kan. 374, 378 (1983); Clinev. Meis, 21 Kan. App. 2d 622, 626 (1995).
The commission is expressly charged with administration of the multipurpose small lakes program which is intended "to provide public water supply storage and water related recreational facilities in the state," K.S.A. 82a-1602. The commission has the general authority to adopt all rules and regulations necessary to implement the provisions of the act. While an administrative agency can act only as authorized, interpretation of a statute is a necessary and inherent function of an agency's administration or application of a statute. Farmers Bansharesof Abilene, Inc. v. Graves, 250 Kan. 520, 522 (1992); Dean v. State,250 Kan. 417, 422 cert. denied Zarda v. Kansas, 504 U.S. 973,119 L.Ed.2d 566, 112 S.Ct. 2941 (1992). Statutory interpretation is a function that should, in the first instance, be left to the appropriate administrative body. 73 C.J.S. Statutes § 67 (1983).
At issue is the commission's interpretation of K.S.A. 1995 Supp.82a-1606(b) which states:
 "[T]he sponsor of such class III project shall be responsible for acquiring land rights and for the costs of operation and maintenance of the project. The sponsor participating in the construction of recreation features of a project shall pay for that portion of the project attributable to recreation. The state may provide up to 50% of the engineering and construction costs and up to 50% of the costs of land rights associated with recreation features. The state may pay up to 100% of the engineering and construction costs of flood control storage and public water supply storage. All other costs of such project, including land, construction, operation and maintenance, shall be paid by the sponsor."
As background, the statute deals with a class III project which is defined by K.S.A. 1995 Supp. 82a-1603(d) as "a proposed new project or renovation of an existing project located outside the boundaries of an organized watershed district which is not receiving or is not eligible to receive financial participation from the state conservation commission or the federal government except as provided in K.S.A. 82a-1606, and amendments thereto." The statute provides for cost-share of 50% of engineering, construction and costs of land rights associated with recreational features and up to 100% of engineering and construction costs of flood control and public water supply storage. All other costs are to be paid by the sponsor, which is defined as any political subdivision with the power to tax and the right of eminent domain, K.S.A. 1995 Supp. 82a-1603(l). The statute does not address interest costs which result from interest charged on a loan to purchase property and land for the small lakes project and for this reason presents an ambiguity which must be addressed using statutory construction.
The primary rule of statutory construction to which all others are subordinate, is that legislative intent governs. Legislative history does not indicate whether the legislature intended that interest costs related to the purchase of land be eligible for reimbursement. See
Minutes, House Committee on Energy and Natural Resources, March 20, 25, 1991. Historically, the commission has regarded the interest as administrative costs and not eligible for reimbursement. See
"Instructions for determining allocation of costs, letter of intent, section 11."
Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature by giving consideration to the entire statute, its nature, its object, and the consequences which result from construing it one way or another. Wilcox v. Billings, 200 Kan. 654, 657
(1968); First Page, Inc. v. Cunningham, 252 Kan. 593, 601 (1993);McCarthy v. City of Leawood, 257 Kan. 566 (Kan. 1995). In order to ascertain the legislative intent, courts must consider and construe together all parts thereof in pari materia not just certain isolated parts of an act. Kansas Commission on Civil Rights v. Howard,218 Kan. 248, syl. ¶ 2 (1975); Todd v. Kelly, 251 Kan. 512, 516 (1992).
Accordingly, because subsection (b) should not be interpreted in isolation, we look to the rest of the statute and the act creating the small lakes project program, its intent, and its purpose. The legislature did not address interest costs in subsection (b) of the statute in question, K.S.A. 1995 Supp. 82a-1606. The legislature did, however, address interest costs in subsection (c) relative to what costs the state could recoup. It states:
 "The Kansas water office may recover the state's costs incurred in providing public water supply storage in such class III project, and interest on such costs, by selling storage and the associated water rights. Interest on such costs shall be computed at a rate per annum which is equal to the greater of: (1) The average rate of interest earned the past calendar year on repurchase agreements of less than 30 days' duration entered into by the pooled money investment board, less 5%; or (2) four percent." K.S.A. 1995 Supp. 82a-1606(c.) (Emphasis added)
Had the legislature intended that interest costs be provided as part of the cost-share program in subsection (b), it could easily have used similar language as that found in subsection (c), but did not.
It is also significant that the legislature chose to treat the lake projects which are eligible for state and federal assistance (class I and class II projects) differently from those which are not eligible for this assistance. In the provisions dealing with recoupment of the costs for class I and II projects (K.S.A. 1995 Supp. 82a-1604 and 82a-1605) the legislature did not include the language regarding the interest on such costs found in K.S.A. 1995 Supp. 82a-1606 subsection (c). When we consider the differences in the provisions, it is evident that the legislature intended to differentiate a class III project from those in class I and II by allowing the state to also recoup on interest costs on money spent on class III projects. See Minutes, House Committee on Energy and Natural Resources, March 25, 1991.
In subsection (c) of the statute in question, the legislature was very specific and expressly determined how the interest was to be computed. Under the well-established maxim of statutory construction, expressiounius est exclusio alterius, when legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the list. SeeState v. Wood, 231 Kan. 699, 701 (1982); In re Olander, 213 Kan. 282, 285
(1973). Accordingly, to give effect to the legislative intent of the statute, K.S.A. 1995 Supp. 82a-1606, it is reasonable to conclude that because the legislature specifically addressed the question of interest costs in one section of the statute [subsection (c)] and not in another [subsection (b)], that its intent was specific to each section as provided. Thus, subsection (b) may, consistent with legislative intent, be interpreted to exclude interest costs.
In summary, the Kansas state conservation commission is empowered to administer the multipurpose small lakes program, K.S.A. 82a-1601 et seq. Inherent in that power is the authority to adopt interpretations of ambiguous or undefined terms found in the statutes it is charged with administering. In our judgment, the commission's determination that interest costs are ineligible for reimbursement as "construction costs" and "costs of land rights" is a valid exercise of statutory authority and is consistent with the legislative intent of the act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm