(870 P.2d 1343)
Nos. 68,213
68,214
68,215

IN THE MATTER OF THE APPLICATION OF THE AFFILIATED PROP-
ERTY SERVICES, INC., FOR REFUND OF TAXES PAID FOR YEARS
1989 & 1990 IN SEDGWICK COUNTY, KANSAS, and IN THE MATTER
OF THE APPEAL OF THE AFFILIATED PROPERTY SERVICES, INC.,
FOR THE YEAR 1990 FROM THE DECISION OF THE COUNTY BOARD
OF EQUALIZATION OF SEDGWICK COUNTY, KANSAS.

Opinion
filed January 29, 1993.

*Timothy P. O'Sullivan*, of Fleeson, Gooing, Coulson & Kitch, of Wichita, L.L.C., for appellant.

*Patricia J. Parker*, assistant county counselor, for appellee.

Before LARSON, P.J., LEWIS, J., and BARRY A. BENNINGTON, District Judge, assigned.

LARSON, J.: Affiliated Property Services, Inc., appeals three decisions of the trial court on judicial review affirming the Board of Tax Appeals' (BOTA) adoption of Sedgwick County's 10.5% discount rate.

Our case on appeal consolidates three separate BOTA cases reviewed by the trial court. The issue in each case is identical. Our opinion and decision will be deemed controlling in each separate action.

Affiliated owns three medical office buildings in Sedgwick County, which were assessed by the county using a discount rate of 10.5% and an effective tax rate of 1.5% for an overall capitalization rate of 12%. Affiliated properly protested the valuation and eventually appeared before BOTA.

The only evidence which existed pointed to a tax rate of 3.68% for 1989 and 3.91% for 1990. These findings of fact were not appealed by either party and became the effective tax rates for the years involved.

The only remaining issue before BOTA, and the only issue on appeal, is the discount rate to be established.

Affiliated introduced expert testimony of James L. Gardner II that the proper discount rate should be 12%. Gardner testified this rate removed real estate taxes from net income as an expense and the effective tax rate should be added to the 12% rate in order to get the actual capitalization rate to be applied.

When cross-examined as to how the county developed a discount rate of 10.5%, Grant Gardner, another expert witness for Affiliated, indicated he had examined the comparable sales and income information which the county appeared to have used in developing its rate. It was his opinion that the sales data for the property used by the county was not from the same period of time as the income data and that the resulting discount rate was invalid.

To counteract this testimony, the county presented the testimony of the county appraiser, Dale Swaney. He stated the county had valued Affiliated's property using information developed by Sabre Systems. This was the sole extent of his testimony as to the system used by Sabre Systems. Swaney admitted he did not know how Sabre Systems had developed the 10.5% discount rate or the 1.5% tax rate, although he assumed it was based on information obtained from local property owners. This was not substantial competent evidence sufficient to sustain the county's position.

BOTA adopted the 10.5% discount rate, making a final capitalization rate after the tax was applied of 14.18% for 1989 and 14.41% for 1990.

After a motion for rehearing was denied, a petition for judicial review was presented to the Sedgwick County District Court.

The trial court held the rate set by BOTA was suitable for mass appraisal. It noted the rate BOTA selected was within the range of the testimony of the taxpayer's expert.

From this ruling, the taxpayer was appealed. We reverse.

We do not, by this opinion, intend to make any definitive decision as to the establishment of discount rates from the income approach to value, or utilization of the band of investment methods. These matters are of significant importance to appraisers and assessors but not necessary for our ultimate decision. It may, however, be helpful to outline the testimony concerning these issues.

The preferred method of property valuation in Kansas is the income approach. See S. Con. Res. 1605 (1989). This encourages the use of the income approach to determine fair market value of property.

Under this approach, the net income of the property is determined by subtracting reasonable operating expenses from the market rental potential of any structures on the property. The net income is then divided by the capitalization rate, which reflects both a reasonable return on investment and the estimated remaining economic life of the property. The result is added to the value of the land in order to determine the total value of the property.

An important component in the income approach is the capitalization rate. This rate may be calculated through different methods. In the market comparison method, income from comparable properties is divided by the properties' sale price to yield a discount rate.. The discount rate is then added to the effective tax rate to determine the capitalization rate.

In the band of investment method, interest and yield rates are multiplied by the proportion each would form in a typical financing arrangement and then added together to form a discount rate. The band of investment method may be less reliable than the market comparison method, since the market comparison method relies directly on the behavior of sellers and purchasers in the market.

Court review of BOTA decisions is governed by K.S.A. 77-601 et seq. K.S.A. 77-621 states a court shall grant relief if the agency action is based on a determination of fact that is not supported by substantial evidence, or if the action is otherwise unreasonable, arbitrary, or capricious. K.S.A. 77-621(c)(7), (8).

"Arbitrary or capricious conduct may be shown where an administrative order is not supported by substantial evidence." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 365, 770 P.2d 423 (1989). Substantial evidence is evidence possessing both relevance and substance that furnishes a substantial basis of fact from which the issues can reasonably be resolved. 244 Kan. at 365.

A ruling by BOTA on a subject within its area of expertise carries a strong presumption of correctness. *In re Tax Appeal of Director of Property Valuation*, 14 Kan. App. 2d 348, 354, 791 P.2d 1338 (1989), rev. denied 246 Kan. 767 (1990). In order for the court reviewing a decision by BOTA to find a lack of substantial evidence, the decision must be so wide of the mark that it is outside the realm of fair debate. *In re Tax Appeal of Horizon Tele-Communications, Inc.*, 241 Kan. 193, 203, 734 P.2d 1168 (1987).

In order to determine whether the trial court erred, our court must make the same review of BOTA's action as did the trial court. See *537721 Ontario, Inc. v. Mays*, 14 Kan. App. 2d 1, 2, 780 P.2d 1126, *rev. denied* 245 Kan. 785 (1989).

Although BOTA justified the county's rate based on a finding that the market comparison method used by the county was more accurate than the band of investment method suggested by the taxpayer, its reasoning is not correct because the taxpayer presented evidence using both methods.

The problem with sustaining the BOTA decision is that the county offered no evidence to support its suggested capitalization rate other than claiming that it was derived from the income valuation method using a system developed by Sabre Systems. There was no substantial competent evidence how the rate was developed, and the rate adopted by BOTA was without adequate support from the county.

It is only if we can determine that the testimony of Affiliated's expert could be considered to justify the county's rate that we could affirm the trial court.

Of the 25 comparable properties Affiliated's expert examined, 3 did have rates of 10.5% or lower, while 14 had rates that exceeded the 12%. The unqualified and unshaken opinion of Affiliated's expert was that 12% was the proper rate. That is the only uncontroverted evidence as to the proper rate to be utilized.

The examination of the data upon which the county's rate was developed shows sales data used dating back as much as 33 years prior to the years used to determine the net income. The net income used was from widely divergent sales and different years. There was no factual basis in the record for the county's rate.

This is simple a matter in which the county failed in its evidentiary obligation. Such failure was not cured by the taxpayer's expert testimony.

We hold there was not substantial competent evidence to support BOTA's decision. The only substantial evidence in the record requires a finding of a 12% discount rate.

Reversed and remanded with instructions that a 12% rate be adopted and utilized and that an appropriate tax refund be ordered.