NOT DESIGNATED FOR PUBLICATION

No. 117,628

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Equalization Appeal of
HALLBROOK COUNTRY CLUB
for the Tax Years 2014 & 2015 in Johnson County, Kansas.


MEMORANDUM OPINION


Appeal from Board of Tax Appeals. Opinion filed June 29, 2018. Affirmed.


*Linda Terrill*, of Property Tax Law Group, LLC, of Overland Park, for appellant Hallbrook
Country Club.


*Kathryn D. Myers*, assistant county counselor, for appellee Board of Johnson County
Commissioners.


Before GARDNER, P.J., PIERRON, J., and WALKER, S.J.


PER CURIAM:  Hallbrook Country Club appeals its property tax valuation from the
Kansas Board of Tax Appeals. Finding no error, we affirm.


*Factual and procedural background*


Hallbrook Country Club (Hallbrook) is an 18-hole private golf course and country
club sitting on 181 acres in Johnson County, Kansas (County). It has a clubhouse,
swimming pool, tennis courts, a pool and tennis building, and various maintenance
buildings. The County valued the property at $6,948,160 and $6,587,217 for the tax years
2014 and 2015. Hallbrook appealed to the Board of Tax Appeals (BOTA), which held a
hearing.

1

At the hearing, the County presented the testimony of appraisers Jerry Tolle and Stephen Hughes. Neither had appraised the property; they reviewed previous appraisals. Appraiser Thomas Slack, who personally inspected and appraised the property, testified for Hallbrook. Slack has appraised private and public golf courses in Kansas, Missouri, and Illinois.

Three methods for real estate valuation are commonly used: the cost approach, the sales comparison approach, and the income capitalization approach. The parties agree that the cost approach is not an appropriate valuation method for this type of property. The County used the income approach. It defended its valuations by analyzing the results of the income approach appraisal and by comparing the property to a daily fee golf course. In contrast, Slack used the sales comparison approach and the income approach and estimated that the going concern value of Hallbrook was $5,800,000. He then made two deductions: one for personal property in the amount of $930,000 (also called FF&E or fixtures, furniture, and equipment), and one for intangible property in the amount of $870,000. After making those deductions, he estimated the value of Hallbrook as $4,000,000 for both tax years.

BOTA certified its summary decision. It denied Hallbrook's request to lower the appraised value to $4,000,000, finding that although Slack's general methodology was proper, his deductions were not fully supported. Hallbrook filed a request for a full and complete opinion, which BOTA issued. Hallbrook then filed a petition for reconsideration which BOTA denied. Hallbrook timely appeals.

*Did BOTA commit a mathematical error in calculating its estimation of value?*

Although not designated as an issue in Hallbrook's brief, Hallbrook argues both in its nature of the case and in its conclusion that this court should address a mathematical

2

error. Hallbrook argues BOTA adopted Slack's going concern valuation of $5.8 million for 2014 and 2015, but then erred in its later calculations for personal property and intangible deductions.

The County argues that Hallbrook has not properly preserved the issue so we should not address it on the merits. The County then argues that no clerical error occurred because, even if BOTA's order was unartful, its conclusion of value was deliberate.

We agree. Hallbrook did not raise this issue below, either in its request for a full and complete opinion or its motion to reconsider, and does not raise it as a separate issue now. At best, the point is incidentally raised but not fully argued and not supported by appropriate citation to the record.

Nor does Hallbrook explain why we should consider this issue for the first time on appeal. "As a general rule, matters not raised before the district court cannot be raised for the first time on appeal." *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). Kansas courts, however, recognize three exceptions to this rule.

> "A new legal theory may be asserted for the first time on appeal if: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent a denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite relying on the wrong ground or assigning a wrong reason for its decision." *State v. Jones*, 302 Kan. 111, 117, 351 P.3d 1228 (2015).

Hallbrook does not explain, as it must, which of the three exceptions above permits its late argument. As a result, we find this issue to be abandoned. See Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34); *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015).

Had we reached the merits, we would not have agreed that Hallbrook showed error in BOTA's calculations. See *In re Tax Appeal of Dillon Stores*, 42 Kan. App. 2d 881, Syl. ¶ 5, 221 P.3d 598 (2009) (finding "agency determinations which are conceptually sound but lack some mathematical precision may be affirmed"). Hallbrook assumes, but does not show, that BOTA began with the same going concern value as did Slack. As the County's brief shows, the record supports the figures BOTA used, including its final value. No reversible error has been shown.

*Did BOTA err by reducing or eliminating the deductions for personal property and intangible value?*

Hallbrook contends that BOTA erred by reducing the deduction for personal property and eliminating the deduction for intangible value.

*Standard of review*

Judicial review of BOTA orders is governed by K.S.A. 77-601 et seq. When reviewing BOTA's factual findings for substantial evidence, appellate courts are to determine whether the evidence supporting BOTA's findings is substantial when considered in light of the record as a whole, taking into account both supporting and detracting evidence. K.S.A. 2017 Supp. 77-621(c)(7) and (d); *Sierra Club v. Moser*, 298 Kan. 22, 62, 310 P.3d 360 (2013). However, appellate courts do not reweigh evidence or engage in unlimited review. *In re Equalization Appeal of Prieb Properties*, 47 Kan. App. 2d 122, 126, 275 P.3d 56 (2012). To uphold BOTA's decision, "the evidence in support of it must be substantial, meaning that a reasonable person could accept it as being sufficient to support the conclusion reached." *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1114, 269 P.3d 876 (2012). Our appellate courts have consistently stated that to find a lack of substantial evidence to support the BOTA action, the decision must be so wide of the mark as to be outside the realm of fair debate. *In re Tax Appeal of*

4

*Horizon Tele-Communications, Inc.,* 241 Kan. 193, 203, 734 P.2d 1168 (1987); *In re Prieb Properties*, 47 Kan. App. 2d at 137; *In re Tax Refund Application of Affiliated Property Services, Inc.*, 19 Kan. App. 2d 247, 250, 870 P.2d 1343 (1993).

We will also grant relief if the agency action is otherwise unreasonable, arbitrary, or capricious. K.S.A. 2017 Supp. 77-621(c)(8). An agency's actions are arbitrary and capricious when they are overtly in violation of the law or if not based on any foundation in fact. *Board of Douglas County Comm'rs v. Cashatt*, 23 Kan. App. 2d 532, Syl. ¶ 10, 933 P.2d 167 (1997).

We review questions of law de novo. This court no longer give deference to the agency's interpretation of a statute. *In re Tax Exemption Application of Kouri Place*, 44 Kan. App. 2d 467, 471, 239 P.3d 95 (2010).

On appeal, the burden of proving the invalidity of the agency action rests on the party asserting that invalidity. K.S.A. 2017 Supp. 77-621(a)(1); *In re Equalization Appeal of Wagner*, 304 Kan. 587, 597, 372 P.3d 1226 (2016). Here, that burden falls on Hallbrook.

*Analysis*

Hallbrook contends that BOTA erred by reducing Slack's deduction for personal property and by eliminating his deduction for intangible value. After hearing Slack's testimony and examining the evidence about those deductions, BOTA found Slack's personal property estimation was inaccurate, and Slack's intangible value deduction lacked evidentiary support and was not credible. BOTA thus reduced Slack's proposed deduction for personal property from $930,000 to $525,000 and denied Slack's entire deduction for intangibles of $870,000.

5

Substantial evidence supports BOTA's reduction of Slack's personal property deduction. Slack's personal property allocation was based on an average of the cost of new FF&E of the three premier country clubs in the area: Mission Hills, Hallbrook, and Shadow Glen. Slack determined that 16% of the going concern value accounted for personal property.

Instead, BOTA reviewed golf course sales in the record where a personal property allocation was known or estimated and based its deduction for personal property on those known numbers. BOTA found that higher end golf courses, such as Hallbrook, had an average range of $29,000 per hole in property allocation. The market evidence of comparable sales in the record shows the following personal property allocations made by the buyers and sellers:

| Comparable Sales | FF&E Allocations |
| --- | --- |
| 1. | $114,942 |
| 2. | $300,000 |
| 3. | $187,384 |
| 4. | $ 50,000 |
| 5. | $126,000 |
| 6. | $525,000 |
| 7. | $529,440 |
| 8. | $800,000 |

Comparable sales 1-6 were in Johnson County, sale 7 was in Wichita, and sale 8 was in Oklahoma. BOTA relied on the highest personal property allocation in Johnson County—sale 6—as a comparator ($525,000 divided by 18 holes = $29,167). Slack, however, deducted $930,000 for personal property, which is outside the market data range he provided. BOTA found the figure of $29,000 per hole (rounded) to be more appropriate than the 16% figure Slack used.

6

The evidence also shows that some of those personal property allocations were for new property. Hallbrook's personal property is not new, so BOTA reduced the allocation to account for the fact that Hallbrook has used FF&E. Substantial evidence supports BOTA's use of $525,000 to calculate the personal property deduction for Hallbrook.

Substantial evidence also supports BOTA's denial of Slack's proposed $870,000 deduction for intangible value. Slack estimated that $100 per month of the $820 monthly membership dues represented an intangible value. He also determined that 15% of the going concern was attributable to intangible value. But Slack conceded that any deduction for intangible value in the income approach is subjective.

BOTA recognized that "[a]ny accurate valuation of the subject real estate must include accurate adjustments to address any intangible non-realty value." BOTA thus agreed with Slack that the value of a golf course may well include value beyond that of its real and personal property. BOTA found, however, that Hallbrook did not offer evidence that would allow it to deduct the value of such intangibles. BOTA disallowed Slack's intangible value adjustment because it found no evidentiary support for Slack's speculation that $100 of a member's monthly membership dues represented intangible value of membership. It found Slack's intangible adjustment derivation "wholly unsupported." We find no error in that assessment.

Instead, BOTA found that monthly dues are levied to cover operating expenses and amenities at a level desired by the membership, thus tacitly finding that membership dues do not represent an intangible value. But it found that Hallbrook's "substantial initiation fees, which were not included in the *pro forma* operating statement, would account for a significant portion, if not all, of the intangible value." Hallbrook does not show this was error.

Hallbrook argues that because Slack was the only witness who had physically inspected and appraised the property, BOTA should have adopted his valuation of the property, including Slack's deductions for personal property and intangible value. BOTA acknowledged that the County had failed to meet its burden of proof, so BOTA rejected the valuations from the County's appraisers. But the facts do not compel BOTA to adopt Slack's valuation, wholesale, as Hallbrook desires. See *Beard v. Montgomery Ward & Co.*, 215 Kan. 343, 348, 524 P.2d 1159 (1974). Hallbrook essentially asks us to consider Slack's testimony to be more credible than BOTA did. This is asking us to reweigh evidence. This court does not reweigh evidence or substitute its judgment for that of the BOTA. See *Board of Saline County Comm'rs v. Jensen,* 32 Kan. App. 2d 730, 738, 88 P.3d 242, *rev. denied* 278 Kan. 843 (2004). We look only for relevant evidence sufficient to substantiate the BOTA's factual conclusions and dispose of the issues before it, and we resolve competing inferences in favor of upholding the decision reached below. *Jensen*, 32 Kan. App. 2d at 738; accord *Jones v. Kansas State University*, 279 Kan. 128, 140, 106 P.3d 10 (2005).

Here, neither the income approach nor the comparable sales approach yielded any hard evidence of the value for intangibles. But the evidence includes verifications for eight comparable sales of golf courses, noted above. In none of those sales did the buyers and sellers make any allocation from the purchase price to any intangible item. Instead, in all of those sales the parties allocated all of the price to tangible real or personal property. BOTA did the same here. We find no error in BOTA's decision not to credit Slack's subjective and factually unsupported assessment of intangible value.

BOTA's valuation is supported by substantial evidence and is not arbitrary or capricious. Hallbrook has failed to satisfy its burden of showing the invalidity of BOTA's decision.

Affirmed.